**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOE W. BURKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-01005-SRB |
| | ) | |
| CORESLAB STRUCTURES MISSOURI, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Motion to Withdraw filed by Gerald Gray II, counsel of record for

Plaintiff Joe Burkes (Doc. #26), and Defendant's Motion to Dismiss with Prejudice (Doc. #28).

For the reasons stated below, the motion to withdraw is GRANTED and the motion to dismiss is

GRANTED in part with modification.

### I.   BACKGROUND

On October 9, 2019, Plaintiff Joe W. Burkes ("Plaintiff") filed his original petition in the

Circuit Court of Saline County, Missouri.  After Plaintiff filed an amended petition on December

12, 2019, Defendant Coreslab Structures Missouri, Inc. ("Coreslab") removed the case to federal

court.  At all times relevant to this action, Attorney Gerald Gray II served as counsel of record

for Plaintiff and Attorneys Michael Matula, Margaret Young, and Anne Hershewe served as the

counsel of record for Coreslab.  On March 3, 2020, the Court entered a Scheduling Order and set

the close of discovery for July 21, 2020.  (Doc. #18).

On February 6, 2020, Coreslab served Plaintiff its First Interrogatories and Requests for

Production.  On March 5, 2020, Mr. Gray emailed Ms. Young requesting a thirty-day extension

of the discovery response deadline, stating he was struggling to get a response from his client.

After further email correspondence, the parties agreed to a March 31, 2020 deadline for Plaintiff to respond to Defendant's discovery. On April 8, 2020, Mr. Gray called Mr. Matula stating that Plaintiff was having health issues and that Mr. Gray was still struggling to get him to engage in the discovery process. Mr. Matula agreed to extend Plaintiff's discovery response deadline until April 13, 2020. After Plaintiff missed the April 13 deadline and did not move for an extension, Mr. Matula informed Mr. Gray that he would be contacting the Court to resolve this matter and Mr. Gray agreed that a Court conference was appropriate.

The parties participated in a teleconference with the Court on April 28, 2020. During that teleconference and in a subsequently issued Order, the Court Ordered Plaintiff to "provide full and complete answers to discovery or file a Motion to Dismiss Without Prejudice by May 12, 2020." (Doc. #22). On May 12, 2020, Mr. Gray filed a motion seeking an additional ten-day extension of the discovery response deadline, stating he had reason to believe that Plaintiff may have died. (Doc. #24). The Court granted that extension request. On May 18, 2020, Mr. Gray filed the instant motion to withdraw. On June 2, 2020, Coreslab subsequently sought dismissal of this case with prejudice pursuant to Federal Rules of Civil Procedure 37(d) and 41(b).

## II. LEGAL STANDARD

Pursuant to Rule 41(b), "[i]f a plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal of a case pursuant to Rule 41(b) is a decision soundly within the discretion of a district court, but the imposition of such a sanction must be proportionate based on the circumstances. *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (citing *Rodgers v. Bd. of Curators of the Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)). The Eighth Circuit has observed that dismissal with prejudice "is an extreme sanction" that should be

2

only be used "in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Gold Dust Casino*, 526 F.3d at 405 (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)).

Rule 37(d) similarly permits a court to impose the sanction of dismissal upon violations of discovery orders, but only where there is "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)); *accord Hower v. Excel Indus., Inc.*, No. 6:13-CV-03182-SRB, 2015 WL 5308096, at *3 (W.D. Mo. Sept. 10, 2015) (citations omitted). If dismissal is premised on a party's violations of a discovery order, "courts should ensure that the specific requirements of Federal Rule of Civil Procedure 37 are met." *Sentis*, 559 F.3d at 899 (citations omitted). Instead of or in addition to dismissal, a court may also impose an award of reasonable attorney's fees caused by the party's failure to act. *See* Fed. R. Civ. P. 37(d)(3).

## III. DISCUSSION

Coreslab opposes Mr. Gray's motion to withdraw as counsel and, in seeking dismissal of the case, asks the Court to award its reasonable attorney's fees and expenses incurred as a result of Plaintiff's failure to respond to discovery and comply with this Court's prior discovery Order. Plaintiff did not file reply suggestions in support of the instant motion to withdraw or a response in opposition to Coreslab's pending motion for dismissal.

### A. Motion to Dismiss Pursuant to Rule 37(d) and Rule 41(b)

While Coreslab moves for dismissal under both Rule 41 and Rule 37, Coreslab's briefing only analyzes the appropriateness of dismissal under Rule 37(d) based on the *Sentis* factors.[1] In

---

[1] The Court thus limits its analysis to Rule 37, but observes that dismissal with prejudice under Rule 41(b) would likely be a disproportionate and extreme sanction given the circumstances of this case and the

seeking dismissal with prejudice, Coreslab acknowledges its requested relief is an extraordinary remedy but insists it is warranted in this case. Coreslab describes Plaintiff's repeated failure to respond to Coreslab's discovery requests as "willful, deliberate, and in bad-faith," and argues there is no evidence that Plaintiff "even attempted" to comply with the Court's earlier Order, all of which has delayed litigation in this case and caused prejudice to Coreslab. (Doc. #29, p. 3).

The Court finds that dismissal without prejudice under Rule 37 is warranted in this case. After Coreslab granted Plaintiff multiple extensions to produce discovery and Plaintiff failed to do so, this Court directed Plaintiff to provide full and complete discovery requests by May 12, 2020, or file a motion to dismiss without prejudice. Neither has occurred. There is no indication that Plaintiff's failure to respond to this Court's Order is accidental or involuntary. *See Lewis v. Challenge Mfg.*, No. 5:17-CV-6117-FJG, 2019 WL 8356746, at *3 (W.D. Mo. Feb. 1, 2019) (citations omitted) (noting a non-responsive party "need not have acted in bad faith," but that the failure to respond to discovery must be intentional rather than accidental or involuntary). It is also apparent that Plaintiff's repeated delays have ground litigation to a halt and undeniably prejudiced Coreslab. *See Burgett v. Gen. Store No. Two Inc.*, No. 4:16-CV-00455-SRB, 2016 WL 10612604, at *3 (W.D. Mo. Dec. 28, 2016) (citation omitted) ("Prejudice occurs when the willful violation of the Court's orders prevents opposing parties from adequately preparing their case for trial because of the absence of crucial, factual information."), *aff'd*, 727 F. App'x 898 (8th Cir. 2018). Accordingly, dismissal is appropriate.

However, the Court has broad discretion in imposing sanctions that are just under Rule 37 and believes dismissal without prejudice is an appropriate sanction under the circumstances.

---

availability of other sanctions. *See DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (citation omitted) (noting that even if facts of a case support dismissal with prejudice, that "ultimate sanction should only be used when lesser sanctions provide futile").

*See Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (noting that before

dismissing a case under Rule 37, "the court must investigate whether a sanction less extreme

than dismissal would suffice, unless the party's failure was deliberate or in bad faith"). The

record in this case shows Mr. Gray has experienced ongoing communication difficulties with Mr.

Burkes and, at one point, believed that Mr. Burkes may have passed away. Coreslab indicates in

its instant motion that it believes Mr. Burkes is alive, but Mr. Gray's prior communications, as

well as the concerns articulated in his motion to withdraw as counsel, demonstrate that Plaintiff's

failure to produce Coreslab's requested discovery is not indicative of the bad faith that generally

warrants dismissal with prejudice. Finding that dismissal of the case with prejudice under Rule

37(d) would be a draconian result not warranted by the circumstances, the Court grants dismissal

of Plaintiff's case without prejudice under Rule 37(d) and declines to award attorney's fees as

requested by Coreslab under Rule 37(d)(3).

### B.  Motion to Withdraw as Counsel

Pursuant to the Western District of Missouri's Local Rule 83.2, to withdraw from a case

an attorney must file a motion to withdraw and the Court may grant that motion upon a showing

of good cause, which can be shown by entry of appearance of substitute counsel. No substitute

counsel has yet entered an appearance on Plaintiff's behalf, nor is there indication that substitute

counsel is likely to appear. Generally, a motion to withdraw as attorney "will be denied unless

entry of appearance by substitute counsel is assured or has occurred." *Am. Prod. & Inventory

Control Soc'y, Inc. v. Auxier*, No. 11-00956-CV-SJ-BP, 2013 WL 12155788, at *1 (W.D. Mo.

Feb. 25, 2013).

In seeking to withdraw as counsel, Mr. Gray states he must discontinue his representation

of Plaintiff because continuing to represent Plaintiff in this case may violate the Missouri Rules

of Professional Conduct, specifically Rule 4-1.16.[2]  In its response opposing Mr. Gray's motion

to withdraw, Coreslab does not dispute whether Mr. Gray has shown good cause for withdrawal,

but instead asks this Court to dismiss the case and award its reasonable attorney fees.  Given this

Court's earlier determination that dismissal without prejudice is appropriate, the sole inquiry is

whether Mr. Gray has shown good cause for his withdrawal.  The Court finds that he has.  A

violation of a Missouri Rule of Professional Conduct may also constitute a violation of the

District's Code of Professional Responsibility, which incorporates the Rules of Professional

Conduct adopted by the Missouri Supreme Court unless otherwise specified.  *See* W.D. Mo. L.R.

83.6(c).  Even though no substitute counsel has entered an appearance for Plaintiff, Mr. Gray's

---

[2] Missouri Rule of Professional Conduct 4.1-16 states, in relevant part:

> (a) Except as stated in Rule 4-1.16(c), a lawyer . . . shall withdraw from the representation of a client if:
>> (1) the representation will result in violation of the rules of professional conduct or other law;
>> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
>> (3) the lawyer is discharged.
>
> (b) Except as stated in Rule 4-1.16(c), a lawyer may withdraw from representing a client if:
>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>> (7) other good cause for withdrawal exists.
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation unless the lawyer has filed a notice of termination of limited appearance. Except when such notice is filed, a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation.

6

stated inability to adequately represent his client without violating the Missouri Rules of

Professional Conduct and/or the District's Code of Professional Responsibility warrants his

withdrawal as counsel. In turn, Mr. Gray's motion to withdraw is granted.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Dismiss with Prejudice

(Doc. #28) is GRANTED in part, with modification, and Mr. Gray's Motion to Withdraw (Doc.

#26) is GRANTED. This case is hereby dismissed without prejudice. The Court directs Mr.

Gray to provide a copy of this Order to Mr. Burkes within fourteen (14) days of the date of this

Order. The Court additionally directs Mr. Gray to provide Coreslab's counsel and the Court

with Mr. Burkes' contact information by June 30, 2020, including telephone and email

information (if applicable).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 17, 2020